312

AVERILL v. QUITTNER et al.

No. 10036.

Circuit Court of Appeals, Ninth Circuit.

Oct. 28, 1942.

Martin Gendel, of Los Angeles, Cal., for appellant.

Nat Rosin, of Los Angeles, Cal., for appellee Francis F. Quittner.

David C. Levenson and Kenneth E. Matot, both of Los Angeles, Cal., for appellee Floyd C. Balding.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

On a petition filed June 18, 1940, appellant was adjudged a voluntary bankrupt. The case was referred to a referee, a trustee was appointed and, on February 18, 1941, the trustee and Floyd C. Balding, a creditor of appellant, filed an objection to his discharge. The referee, after hearing the objection, entered an order denying the discharge. From an order affirming the referee's order this appeal is prosecuted.

Appellant contends (1) that the objection stated no facts warranting a denial of his discharge and (2) that there was no evidence warranting such denial.

■ The objection stated, in substance, that in June, 1940—a time subsequent to the first day of the twelve months immediately preceding the filing of his petition in bankruptcy—appellant had concealed certain of his property with intent to defraud his creditors. That was a sufficient ground for denying appellant's discharge. Bankruptcy Act, § 14, sub. c, 11 U.S.C.A. § 32, sub. c.[1]

■ Upon the hearing of the objection, the objectors (the trustee and Balding) produced evidence which showed to the satisfaction of the court that there were reasonable grounds for believing that in July, 1939—a time subsequent to the first day of the twelve months immediately preceding the filing of his petition in bankruptcy—appellant had transferred and concealed certain of his property with intent to defraud his creditors. Thus, the burden of proving that he had not done so devolved upon appellant.[2] The burden was not sustained. Appellant offered no proof whatever.

Order affirmed.

[1] "The court shall grant the discharge unless satisfied that the bankrupt has * * * (4) at any time subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy, transferred, removed, destroyed, or concealed, * * * any of his property, with intent to hinder, delay, or defraud his creditors; * * * Provided, That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision c, would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."

[2] See footnote 1.